Sherpa v. Barr

BIA
Vomacka, IJ
A089 252 045/046

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

PASANG DAWA SHERPA, ANG CHHOKPA SHERPA,

> *Petitioners,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

17-1135
NAC

_____

FOR PETITIONERS: Ramesh K. Shrestha, New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Pasang Dawa Sherpa ("Sherpa") and Ang Chhokpa Sherpa, natives and citizens of Nepal, seek review of a March 28, 2017, decision of the BIA affirming a June 16, 2016, decision of an Immigration Judge ("IJ") denying Pasang Dawa Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Pasang Dawa Sherpa, Ang Chhokpa Sherpa*, Nos. A089 252 045/046 (B.I.A. Mar. 28, 2017), *aff'g* Nos. A089 252 045/046 (Immig. Ct. N.Y. City June 16, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual

---

[1] Petitioner Ang Chhokpa Sherpa is a derivative beneficiary on the asylum application. Accordingly, this order refers primarily to the lead petitioner.

2

findings under the substantial evidence standard. *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013). "The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In denying Sherpa's original petition for review, we upheld the agency's determination that Sherpa had not suffered harm amounting to past persecution, and Sherpa does not challenge that finding. Thus, he had the burden of establishing a well-founded fear of future persecution. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). To do this, he was required to show that he subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear of persecution is "speculative at best"). This can be satisfied either by establishing "a reasonable possibility that [he] would be singled out individually for persecution . . . or "a pattern or practice . . . of persecution of a group of persons similarly situated to the applicant on account of . . . political opinion." 8 C.F.R.

3

§ 1208.13(b)(2)(iii); *Y.C.*, 741 F.3d at 332. As discussed below, the agency reasonably concluded that Sherpa failed to establish an objectively reasonable fear of persecution because the letters from the witnesses in Nepal were entitled to little evidentiary weight and the country conditions evidence did not show continuing Maoist violence against those who had refused to support the Maoists during the civil armed conflict, which ended in 2006.

Between 2012 and 2015, Sherpa submitted the following evidence from Nepal: letters from his brother, the local village development committee, and his former neighbor, as well as letters allegedly delivered by the Maoists to Sherpa's brother and a 2012 letter from a police inspector certifying Sherpa's brother's report that he was beaten by Maoists. We generally defer to the agency's weighing of the evidence, and the agency did not err in discounting these letters because they were unsworn and authored by witnesses who were not available for cross examination. *Y.C.*, 741 F.3d at 334. And the agency explained why the letters were unreliable: Sherpa's brother alleged that Sherpa was "tortured" by Maoists in the past, which conflicted with Sherpa's own statements because he only alleged one instance of physical

4

harm (that a Maoist hit him on the shoulder with the butt of a gun in 2002); the village development committee's and police inspector's letters were based almost entirely on information provided by Sherpa's brother; the letters were cursory and did not give details; and the letters did not adequately explain why the Maoists continued to target Sherpa or identify any recent Maoist violence against other residents of his village.

The lack of evidence that Maoists targeted anyone else from Sherpa's village, or continued to punish anyone who refused to join or donate to their cause during the civil war, made it unlikely that Maoists would seek to harm Sherpa if he returns to Nepal. The agency also noted that there was no explanation for why the Maoists waited until 2012 to begin questioning Sherpa's brother about Sherpa's whereabouts and found that this six-year gap further undermined the plausibility of Sherpa's evidence that Maoists continued to look for him.

The agency also reasonably determined that the general country conditions evidence undermined Sherpa's fear of future persecution. The most recent country reports stated that Nepal had implemented a new constitution, held free

5

elections, and that the Maoists participated in the government as a minority party. The reports reflected that Nepal was slowly moving forward with the establishment of a Truth and Reconciliation Commission, and that some Maoists had been prosecuted for prior violence. Sherpa submitted news articles reporting on Maoist rallies and protests in other regions of the country, including some reports of physical violence in connection with a strike to protest the new constitution. But the evidence did not reflect continuing armed conflict or Maoist violence against those who refused to support them during the civil war.

In sum, given the lack of any reliable objective evidence that Maoists continued to target individuals who had refused to support them during the civil war, substantial evidence supports the agency's determination that Sherpa's continuing fear of the Maoists was not objectively reasonable.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court